## ROBSON vs. EARLEY.

APPEAL from the court of the eight district.

PORTER, J. delivered the opinion of the court. The defendant was sued on a promissory note which he had executed in favor of the plaintiff. When produced on trial, it appeared to be assigned by the payee to W. & D. Flower. An objection was taken to its being read in evidence, as the legal interest in the note was in the assignees; the plaintiff applied for leave to strike out the endorsement he had made on it, the court refused him permission to do so, and gave judgment for the defendant.

This appeal brings before us a case involving the very same principle with that lately decided in this court, in the suit of *William & D.*

*Possession is not evidence of property in a note, the interest of which, on inspection, appears to be in another.*

Eas't'n District.
June, 1823.

ROBSON
vs.
EARLEY.

*Flower* vs *Thompson.* We there held that possession of a bill was not in itself evidence of property, when the legal interest appeared to be vested in another party. That case decides this; and we refer to it for the several authorities, on which we came to the conclusion there expressed. The bringing up this case so soon after the decision of that just referred to, has induced us to look again into the books which afford us information on this subject, the only thing we have found worthy of remark is, that in the case of *Welch* vs. *Lindo*, the supreme court of the United States, decided that the mere possession of a note, which the plaintiff had assigned to another, *was not evidence of property* without a reassignment or receipt, and that in the case of *Dugan* vs. *the United States*, they declared, after an examination of all the cases, which they state, cannot be reconciled, that possession of a note or bill of exchange *was evidence of property*, although the possessor's endorsement was on it, 7 *Cranch*, 163—3 *Wheaton*, 183. We see no reason to doubt the correctness of the opinion already expressed by this court.

It is therefore ordered, adjudged and de-

creed, that the judgment of the district court be affirmed with costs.

*Preston* for the plaintiff.